210

Commonwealth of Pennsylvania ex rel. Milk Marketing Board and on behalf of 25 Pennsylvania Milk Producers, Plaintiffs *v.* Sunnybrook Dairies, Inc. and Dairy Fresh Food Corp. and James W. O'Mara and James E. O'Mara and Mark K. O'Mara, Defendants.

Submitted on briefs, January 13, 1977, to President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Rogers and Blatt. Judge Mencer did not participate.

*Howard D. Brooks,* Assistant Attorney General, with him *Walter J. Sullivan,* Chief Counsel, for plaintiff.

*Robert L. Saunders,* for defendants.

OPINION BY PRESIDENT JUDGE BOWMAN, March 11, 1977:

The Commonwealth, upon relation of the Milk Marketing Board, has filed an alternative complaint in law and equity alleging violations of the bonding and minimum price provisions of the Milk Marketing Law (Act), Act of April 28, 1937, P.L. 417, *as amended,* 31 P.S. §700j-101 et seq. This case is presently before us on preliminary objections ordered to be submitted on briefs.

Counts I and II of the Commonwealth's complaint charge Sunnybrook Dairies, Inc. (Sunnybrook), a Pennsylvania corporation engaged in producing, processing and marketing dairy products, with falsifying its license application for the license year 1975-76 so as to escape the requirement of Section 501 of the Act, 31 P.S. §700j-501 that a bond be posted, and with failing to pay twenty-five individual milk producers the minimum prices established by the Milk Marketing Board. Sunnybrook is also charged with conducting business during a portion of the 1976-77 license year without having renewed its license, with failing to post a bond and with underpaying milk producers during such time.

Count III is directed against Dairy Fresh Food Corp. (Dairy Fresh), a New York corporation, not licensed by the Milk Marketing Board to do business in Pennsylvania. The complaint alleges that Sunnybrook and Dairy Fresh are owned and operated by the same individuals and that Dairy Fresh was no more than a tool employed by Sunnybrook to evade the provisions of the Act.

Count IV charges Sunnybrook and Dairy Fresh with conspiracy to commit the unlawful violations of the Act previously described.

Count V is directed against the individual defendants and identifies them as owners, officers and directors of Sunnybrook and Dairy Fresh.

The Commonwealth seeks to compel defendants to post a bond retroactive to the period during which the alleged violations occurred and demands damages in the amount of $93,291.18, representing the total amount by which milk producers were allegedly underpaid by defendants during July 1975, February-June 1976, and July-August 1976. Additionally, the Commonwealth seeks to permanently enjoin defendants from conducting business as milk dealers within the Commonwealth of Pennsylvania.

Defendants have moved to strike the complaint, or, in the alternative, to stay these proceedings, on the ground that the Commonwealth has improperly brought a class action on behalf of twenty-five milk producers. Because the Act specifically provides for the action here brought by the Commonwealth, Pa. R.C.P. No. 2230 on class actions is irrelevant and this preliminary objection must be dismissed.

Section 1003 of the Act, 31 P.S. §700j-1003,[1] provides clear and specific authority for the Common-

---

[1] "The board or any person, marketing committee, union or association, composed of persons affected by the orders, rules or regulations of the board, may institute such action at law or in equity

wealth to compel defendants to post the bond required by Section 501 of the Act and to prohibit defendants from conducting business while unlicensed. Section 401 of the Act, 31 P.S. §700j-401.

Section 509 of the Act, 31 P.S. §700j-509,[2] authorizes the Commonwealth to sue on the bond upon relation of the Milk Marketing Board on behalf of producers. As there is no provision in the Act conferring upon producers a right to sue on the bond, which bond runs in favor of the Commonwealth, only the Commonwealth is empowered to sue on the bond and to enforce the duties arising under the bond. *Commonwealth v. Ohio Casualty Insurance Co.*, 25 Pa. Commonwealth Ct. 371, 360 A.2d 788 (1976). Therefore, this is not and cannot be a class action in which one person sues in his own right and on behalf of all those similarly situated.

That the milk producers who will ultimately benefit from the judgment in the event the Commonwealth is successful on the merits of this action[3] have no cause

---

as may appear necessary to enforce compliance with any provision of this act, or to enforce compliance with any rule, regulation or order of the board made pursuant to the provisions of this act."

[2] "The board shall have the power, in its discretion, to sue on the bond on behalf of producers. Suit may be brought in the name of the Commonwealth upon relation of the board, or of the Attorney General, in such manner as debts are now by law recoverable."

[3] Section 511 of the Act, 31 P.S. §700j-511, provides:

The board shall prescribe the procedure for the payment, out of the proceeds of any bond or collateral required by this article, of the amounts found due to producers or handlers or dealers, based on sales or deliveries of milk by them to a milk dealer or handler who has posted a bond or collateral: Provided, however, That if the proceeds of a bond or of collateral which has been posted by a milk dealer or handler shall be insufficient to pay in full the amounts due to producers who have sold or supplied milk to such milk dealer or handler, the moneys available shall be divided pro rata among such producers.

of action on the bond, disposes also of defendants' second preliminary objection, which is a motion to dismiss for nonjoinder of parties under Pa. R.C.P. No. 2227. Within this statutory framework, it cannot be said that the Commonwealth and these milk producers have only a joint interest requiring a compulsory joinder under this rule. This preliminary objection must also be dismissed.

Defendants' final preliminary objection is in the nature of a motion for a more specific pleading. A complaint is sufficiently specific if it provides the adverse party with enough facts to enable him to frame a proper answer and prepare a defense. *Stredny v. Wyeth Laboratories*, 62 Luz. L. Reg. 175 (1972). The motion is not available as a tool to compel an opposing party to plead evidence, *Local 163, International Union of United Brewery v. Watkins,* 417 Pa. 120, 207 A.2d 776 (1965), and will be denied where the details of items of special damages, pleaded generally, are readily obtainable by discovery, *J. B. Post v. Pennsylvania Miller Mutual Insurance Co.,* 62 Luz. L. Reg. 29 (1972). With this in mind, we must deny the motion for a more specific pleading.

ORDER

Now, March 11, 1977, the preliminary objections of defendants are dismissed, and defendants are hereby ordered to answer plaintiffs' complaint within thirty (30) days of the date hereof.