Philadelphia County Intermediate Unit No. 26 et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Education et al., Respondents.

Philadelphia County Intermediate Unit No. 26 et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Education et al., Respondents.

Philadelphia County Intermediate Unit No. 26 et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Education et al., Respondents.

Argued June 3, 1981, before President Judge CRUMLISH and Judges ROGERS, BLATT, MACPHAIL and PALLADINO. Judges MENCER, WILLIAMS, JR. and CRAIG did not participate.

548

[redacted]

*John M. Elliott,* with him *Lawrence D. Berger* and *Gary R. Leadbetter, Dilworth, Paxson, Kalish and Levy,* and *Eugene F. Brazil* and *Robert T. Lear,* for petitioners.

*Lenora M. Smith,* Assistant Counsel, with her *John A. Alzamora,* Assistant Counsel, and *Mary Kay Kisthardt,* Deputy Attorney General, for respondents.

OPINION BY JUDGE BLATT, July 15, 1981:

This matter involves three consolidated petitions for review[1] filed by the Philadelphia County Intermediate Unit No. 26 and the School District of Philadelphia (petitioners) which challenge the refusal of the Department of Education (Department) and the other respondents[2] to approve the petitioners' budget for special education classes or to reimburse the petitioners for certain expenses incurred in providing such classes. Before us now are the respondents' preliminary objections to these petitions for review.

Section 1372 of the Public School Code of 1949 (Public School Code), Act of March 10, 1949, P.L. 30,

---

[1] No. 627 C.D. 1981, No. 512 C.D. 1981 and No. 2356 C.D. 1980. When reference to a specific petition for review is necessary, it will be designated as No. 627, No. 512 or No. 2356.

[2] A number of officers of the Department and the Auditor General and Treasurer of the Commonwealth.

*as amended,* 24 P.S. §13-1372, requires that the Department ensure that intermediate units and school districts adopt and implement plans for the proper education and training of all exceptional children[3] within the Commonwealth and that such plans[4] be submitted to the Department for its approval. As school districts and intermediate units develop their special education plans; they simultaneously and in conformity with those plans prepare special education budgets, and these budgets of the member districts are then combined with the intermediate unit budget and must be submitted to the Department for approval by July 1 of the summer prior to the school year to which the budgets pertain. If the combined budgets are then approved, the Department distributes two payments to the school districts and the intermediate units, one payment in August and the other in January. Section 2509 of the Public School Code, 24 P.S. §25-2509.

The budgets of the school districts contain estimates for the cost of instructing exceptional students, and the school districts are entitled to reimbursement from the Commonwealth for the lesser of that estimated instructional cost or the school districts' actual excess costs, which latter figure is determined by subtracting the cost of educating a normal pupil from the

---

[3] "Exceptional children" are defined as "children of school age who deviate from the average in physical, mental, emotional or social characteristics to such an extent that they require special educational facilities or services." Section 1371(1) of the Public School Code, 24 P.S. §13-1371(1).

[4] The member school districts of the intermediate unit devise individual plans to accommodate generally the exceptional children within each district. The intermediate unit discusses the individual plans with the respective member districts and then establishes special programs for those exceptional children—usually those with more severe handicaps—for whom the local school districts cannot efficiently and effectively provide.

expense of training an exceptional child. *See* 24 P.S. §25-2509. An intermediate unit, unlike a school district, has no taxing power; it must therefore be funded by the Commonwealth. Each school district is responsible, however, for the normal educational costs of exceptional children from that district, and so the school districts pay that portion of the intermediate unit expenses which would correspond to the costs of educating an equivalent number of normal students and the Commonwealth provides the additional funds needed by the intermediate units. As a bookkeeping practice, the Department offsets the total excess costs which it owes to the school districts against the amounts which the districts must contribute to the intermediate unit.

In 1974, the Department instituted an allocation system by which it established a fixed-dollar amount, representing the combined special education budgets of each intermediate unit and its member districts, and each year thereafter this allocation was increased by approximately seven percent; in the past, however, the Department has approved budgets that have exceeded those allocations. Previously, it fully paid the budgets of the intermediate units in the two payments in August and January and then it distributed the remainder of the allocation to the school districts, again in August/January installments. At the end of each school year, the Department customarily recouped the allocated but unexpended funds from the school districts which had such funds remaining and distributed that surplus to other districts which had exceeded their allocations.

The controversy now before us concerns a recent decision of the Department not to approve any combined special education budgets for the 1980-81 school year which exceeded the allocation for the intermediate unit concerned and its member school district. The

budgets submitted by the petitioners for the 1980-81 school year exceeded their allocation, and the Department informed them by letter of September 12, 1980, that their budgets would not be approved.

The petitioners filed three petitions for review challenging the Department's actions. In No. 2356, they contend that the Department improperly evaluated their budgets and that its disapproval thereof was not consistent with the Department's duty to determine whether or not the budgets were "reasonable and consistent with the intermediate unit plan for the operation of special education programs and services." 22 Pa. Code §341.71(c). In No. 627, they claim that the Department wrongfully refused to reimburse them fully for special educational costs incurred in the years 1977-78 through 1979-80, although the Department did reimburse other intermediate units and school districts for the entire special education expenses of these units. In No. 512, the petitioners seek to compel the Department to repay them for the cost of transporting special education pupils under Section 2509.1 of the Public School Code, 24 P.S. §25-2509.1.

The preliminary objections of the respondents now before us include challenges to the service, motions to strike, motions for more specific pleadings and demurrers.

The respondents contend first that this Court lacks personal jurisdiction over them because they received service through the mail rather than by hand delivery as required by Pa. R.C.P. No. 2104(b). These petitions for review were filed, however, under this Court's original jurisdiction and we believe that, according to Pa. R.A.P. 106, practice or procedure before us is controlled by the Rules of Appellate Procedure, where they are applicable. The form of service of petitions for review, therefore, is governed by Pa. R.A.P. 1514 (c) which permits service by certified mail.

The respondents next contend that the petitions for review in Nos. 2356 and 512 are based upon writings in the form of approved budgets, but that copies of those writings were not attached to the pleadings as required by Pa. R.C.P. No. 1019.(h). The petitioners' claims are based, however, on what they contend to be the statutory duty of the respondents to review special education budgets in a prescribed manner and to reimburse the petitioners for the cost of providing special education. Their causes of action, therefore, are not based on writings and it was not necessary to attach copies of the approved budgets to the petitions for review. See *Department of Transportation v. Bethlehem Steel Corp.,* 33 Pa. Commonwealth Ct. 1, 380 A.2d 1308 (1977).

The respondents have further asked for a more specific pleading in case No. 2356, claiming that certain allegations by the petitioners are so ambiguous that they fail to give notice to the respondents as to how to plead. Pa. R.C.P. No. 1017(b)(3). Yet, a pleading must be sufficiently specific to enable the respondent to prepare a defense. *Commonwealth v. City of Jeannette,* 9 Pa. Commonwealth Ct. 306, 305 A.2d 774 (1973). And, in the present case, the respondents would require the petitioners to aver *inter alia* what specific resources are available to fund special education, when and what funds were allocated to the petitioners, who made such allocations, what allegedly inequitable distributions were made and which intermediate units received those distributions. After examining these objections and the respondents' other requests for more specificity, we must conclude that the information which they seek either is of an evidentiary nature or is of such a character that the respondents' knowledge of the facts is equal, if not superior, to that of the petitioners and we therefore do not believe that a more specific pleading is necessary.

*See Local No. 163, International Union of United Brewery Workers v. Watkins*, 417 Pa. 120, 207 A.2d 776 (1965); *Commonwealth v. Sunnybrook Dairies, Inc.*, 29 Pa. Commonwealth Ct. 210, 370 A.2d 765 (1977).

The respondents next contend that the petitioners have failed to join other intermediate units and school districts as indispensable parties. In cases Nos. 2356 and 627 it is argued that an order by us compelling the respondents to re-evaluate the petitioners' budgets or to make payments to them would adversely affect the interests that other intermediate units and school districts have in the limited pool of funds available for special education. In case No. 512, it is claimed that the School District of Philadelphia must be joined because it is required to reimburse the intermediate unit-petitioner for all or part of its transportation costs under 24 P.S. §25-2509.1. As to cases Nos. 2356 and 627, resolution of the conflict before us will not prejudice the legal rights presently held by other intermediate units and school district. They would not be foreclosed from filing similar actions if the facts so permit. Moreover, the respondents' motion is based upon facts not of record, *i.e.*, that payment to the petitioners of the requested sums or re-evaluation of their budgets would leave insufficient funds available to pay for other special education programs, and without a verification of such facts, Pa. R.C.P. No. 1024(a), or a showing that the rights to relief of the intermediate units and school districts would be impaired, *Biernacki v. Redevelopment Authority of Wilkes-Barre*, 32 Pa. Commonwealth Ct. 537, 379 A.2d 1366 (1977), we do not believe that there has been a failure to join any indispensable parties.

In case No. 512, the petitioners do not seek a determination of the sums, if any, that are owed to them by the Philadelphia School District; they seek reimburse-

ment from the respondents for expenditures which were allegedly approved and therefore payable under 24 P.S. §25-2509.1. Furthermore, any monies owed by the school district for transportation costs are to be paid to the Commonwealth under 24 P.S. §25-2509.1, not directly to the intermediate units, and consequently the petitioners need not have joined the Philadelphia School District as an indispensable party.

Finally, the respondents have demurred in all three of these cases.

It is claimed that No. 2356 fails to state a cause of action in that it would require the respondents to review the petitioners' budgets which have already been disapproved as unreasonable because they exceed the available allocation. In *Delaware County Intermediate Unit, No. 25 v. Department of Education*, (No. 2103 C.D. 1980, filed April 2, 1981), however, it was held that the respondents have an obligation to review budgets previously approved for special education plans to determine whether or not they were *reasonably consistent* with those plans and that a determination that the budgets exceeded the allocations assigned by the Department of Education was insufficient to establish the unreasonableness of such budgets. The petitioners have alleged that their special educational plans were approved as of March 3, 1980, and, because we must accept well-pleaded facts as true for purposes of a demurrer, *Burgerhoff v. Pennsylvania State Police*, 49 Pa. Commonwealth Ct. 49, 410 A.2d 395 (1980), we believe that the reasoning of *Delaware County Intermediate Unit, No. 25 v. Department of Education, supra,* is equally applicable here so that we must overrule the demurrer to No. 2356. *See also Central York School District v. Department of Education,* 41 Pa. Commonwealth Ct. 383, 399 A.2d 167 (1979).

As to Nos. 627 and 512 the respondents argue that these cases fail to state claims in that (1) the deter-

minations for which review is sought are discretionary acts, not subject to mandamus, (2) the petitioners failed to allege exhaustion of their administrative remedies, and (3) the respondents have no obligation to reimburse the petitioners for the funds which are sought here. Although it is true that mandamus will not lie to compel a public official to perform a discretionary act, we may, when discretion has been exercised, review such an exercise to determine whether or not it was arbitrary or fraudulent or whether or not it was based upon an error of law. *Garratt v. Philadelphia,* 387 Pa. 442, 127 A.2d 738 (1956). In No. 627, the petitioners aver that the Department arbitrarily and fraudulently refused to reimburse them for special educational costs from prior years, and Sections 1373 and 2509 of the Public School Code, 24 P.S. §§13-1373 and 25-2509, impose a duty on the Department to make such reimbursement. We believe, therefore, that such a duty is enforceable through mandamus. *See Central York School District v. Department of Education, supra.* In No. 512, the petitioners specifically allege that the respondents approved their budgets for certain transportation costs and that pursuant to 24 P.S. §25-2509.1, the respondents must reimburse the petitioners for a portion of the costs incurred. Again, we must take these well-pleaded facts as true, *Burgerhoff v. Pennsylvania State Police, supra,* and, because such facts would impose a non-discretionary duty to act on the respondents, we believe that mandamus will also lie here. *Rose Tree Media School District v. Department of Public Instruction,* 431 Pa. 233, 244 A.2d 754 (1968); *Central York School District v. Department of Education, supra.*

As to the respondents' objection that the petitioners have failed to allege exhaustion of available administrative remedies, we must point out that this issue was not raised in the respondents' brief nor was it

pursued at oral argument and we therefore find it unnecessary to address that question. Pa. R.A.P. 2116 (a) requires that briefs must include a statement of the questions involved and it further provides that "[t]his rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby." We can discern no reason to disregard the provisions of this rule and we therefore will not consider these objections. *See Kistler v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 465, 416 A.2d 594 (1980).

Finally, we must also reject the assertions of the respondents that they are not obligated to make the payments requested by the petitioners.

In No. 627, the petitioners seek reimbursements for special education costs which were fraudulently withheld and we find to be untenable the Department's claim that it is obligated to pay only those costs which were approved and for which funds are available. Pursuant to Section 2509 of the Public School Code, the Department must pay the lesser of the approved budget or *actual excess costs* and we cannot accept the implication inherent in the Department's argument that it may arbitrarily discriminate against some recipients of special education funds who had received their full allocation while providing additional funds to other similarly situated school districts and intermediate units. Furthermore, the unavailability of funds does not affect the petitioners' rights to reimbursement but would be most appropriately raised later in the respondents' answer or as a defense to a subsequent execution on a judgment. Reimbursement is also sought for monies advanced by the school district-petitioner to the intermediate unit-petitioner, and inasmuch as these funds might be characterized as ex-

cess costs incurred by the school district to provide for special education, they may also be reimbursable under 24 P.S. §25-2509. The existence of a separate contractual agreement between the Department and the school district, as the respondents seek to require, would not be necessary.

In No. 512, the Department asserts that it is not required to reimburse the petitioners for their *total* transportation costs. Again, however, any such contention does not defeat the petitioners' rights to payment, but would affect only the amount that the Department would owe and it should be raised as a defense in the respondents' answer.

We must, however, sustain the demurrer of the Auditor General to his joinder as a party. Although we found the Auditor General to be a necessary party in *County of Allegheny v. Department of Public Welfare,* 31 Pa. Commonwealth Ct. 379, 376 A.2d 290 (1977), the statute upon which that case was founded has since been amended and a warrant by the Auditor General prior to a disbursement of funds is no longer required. Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. §§1501 and 1502.

For the foregoing reasons, we will sustain the preliminary objection of the Auditor General and we will overrule those of the other respondents.[5]

## Order

And Now, this 15th day of July, 1981, it is ordered that the preliminary objection of the respondent, the Auditor General of the Commonwealth, is sustained;

---

[5] In their brief and at oral argument, the petitioners withdrew any claim in No. 2356 for reimbursement for special education costs for the years 1975-76 through 1979-80 and we consider that withdrawal also to apply to their request for an audit for the 1979-80 school year.

AND IT IS FURTHER ORDERED that the preliminary objections of the other respondents are overruled and they are hereby directed to file their answer within fifteen (15) days of the filing of this opinion and order.