## Emert v. Hanchett Manufacturing Division of MWA Co.

■■■■■■■■■■■■■

■■■■■■■■■■■■■

■■■■■■■■■■■■■

*Douglas McCall Bell,* for plaintiff.
*Daniel W. Rullo, James L. Wernstrom,* for defendant.

SHAULIS, *J.,* August 3, 1983—We now have before us defendant's motion to dismiss or in the alternative, a motion for a more specific pleading.

## FACTS

Plaintiff's claim against defendant arises out of the sale and delivery by defendant to plaintiff of a knife grinder on November 11, 1981. Counts I and II of plaintiff's complaint seek damages for alleged breach of warranties arising out of the sale and delivery of the knife grinder. Plaintiff's claim for specific performance, as well as his claims for damages arising out of alleged breach of warranty, are governed by the Uniform Commercial Code as adopted in Title 13 of the Pennsylvania Consolidated Statutes.

Defendant has filed this motion to dismiss, alleging that plaintiff has not stated a claim for specific performance, as the grinder is not a "unique" item. In addition, plaintiff has not attempted to "cover" or obtain a second grinder, so as to mitigate damages. The result, defendant contends, is either no cause of action for specific performance or a

pleading too vague and unspecific to allow the defendant to formulate an answer.

As in any motion to dismiss, the facts are to be viewed in the light most favorable to the party against whom the motion is filed. It is possible that a special order grinder can be a unique item, so as to invoke specific performance as the remedy. In addition, the pleaded facts are sufficient to allow defendant to accurately formulate an answer to the allegations.

## DISCUSSION

Both plaintiff and defendant agree that this action is governed by §2716 of the Pennsylvania Uniform Commercial Code. This section covers the right of a buyer of goods to either specific performance, an equitable remedy, or replevin, a legal remedy, and provides as follows:

(1) Specific performance may be decreed where the goods are unique or in other proper circumstances.

(2) The decree for specific performance may include such terms and conditions as to payment of the price, damages, or other relief as the court may deem just.

(3) The buyer has a right of replevin for goods identified to the contract if after reasonable effort he is unable to effect cover for such goods or the circumstances reasonably indicate that such effort will be unavailing, . . ."

Defendant likens this situation to the one addressed in Scholl v. Hartzell, 20 D.&C.3d 304 (1981). Plaintiff filed an action in replevin for a 1962 Chevrolet Corvette. He alleged that defendant breached their contract by accepting a $100 deposit and then refusing to tender the car and accept the

balance. The Commonwealth Court refused to acknowledge that replevin was the correct remedy. "Generally speaking, replevin lies wherever one person claims personal property in the possession of another, provided the claimant has the exclusive and immediate right to possession of the goods in question." Ibid at 306. Plaintiff's deposit was not enough to grant him an exclusive right of possession.

The court also noted the distinction between replevin and specific performance. Plaintiff's legal action of replevin was an indirect attempt to force the equitable specific performance of the contract. He could not do this directly, as his adequate remedy at law precluded specific performance.

Finally, plaintiff argued that the Official Comment no. 2 following §2716 expanded the situations where replevin should apply:

"In view of this Article's emphasis on the commercial feasibility of replacement, a new concept of what are "unique" goods is introduced under this section. Specific performance is no longer limited to goods which are already specific or ascertained at the time of contracting. The test of uniqueness under this section must be made in terms of the total situation which characterizes the contract. Output and requirements contracts involving a particular or peculiarly available source or market present today the typical commercial specific performance situation, as contrasted with contracts for the sale of heirlooms or priceless works of art which were usually involved in the older cases. However, uniqueness is not the sole basis of the remedy under this section for the relief may also be granted "in other proper circumstances" and inability to cover is strong evidence of "other proper circumstances".

The court, however, refused to consider that a Corvette is a "unique" good as contemplated by §2716. Moreover, plaintiff did not allege in his complaint that he has been unable to "cover", as the section provides.

Defendant in the instant case cites Scholl as requiring a plaintiff to attempt to "cover" goods prior to bringing an action for specific performance. Such a role contradicts the true equitable nature of specific performance. An equity court is not bound by rigid legal standards, but instead employs its discretion along equitable guidelines. A decree of specific performance is a matter of grace and not of right. It should be granted only where the facts clearly establish plaintiff's right thereto, where no adequate remedy at law exists, and where justice requires it. Hilton v. State Employers Retirement Board, 23 Pa. Commw. 639, 353 A.2d 883 (1976). An attempt to cover goods is not a prerequisite to granting specific performance, but instead is merely a contributing factor to determine the uniqueness of the item.

Courts have found various items to be unique, such as certain stock certificates (American Bank v. Lied, 71 D.&C. 2d 308 (1975); In Re Brown's Estate, 446 Pa. 401, 289 A.2d 77 (1972)) liquor licenses (Cochrane v. Szpakowski, 355 Pa. 357, 49 A.2d 692, (1946); Tomb v. Lavalle, 298 Pa.Super. 75, 444 A.2d 666 (1982)) and special machinery (Ace Equipment Company, Inc. v. Aqua Chemical, Inc., 73 D.&C. 2d 300, 1975)), while denying specific performance for a type of automobile, (Gross v. G.M., 5 D.&C. 3d 395 (1978)).

In Ace Equipment, the court granted specific performance when it decided that the machine at issue was unique and the surrounding circumstances dictated that result. Plaintiff bought a machine from defendant and, prior to delivery, arranged to resell it

for a substantial profit. Defendant learned of the resale and refused to tender the machine. Plaintiff faced not only the loss of his profits from the sale, but also consequential damages to the third-party purchaser for failure to perform.

This established the "proper circumstances" for the court to grant specific performance. There was an adequate remedy available at law, but the subsequent resale of the machine necessitated this remedy. As the court stated:

"This is unlike the ordinary purchase of goods and merchandise for resale. It is unlikely that there is a substantially identical piece of used equipment which plaintiff could locate in order to perform its contract with a third party."

It is defendant's breach which renders plaintiff unable to perform its contract to the third party. This failure of performance for an item of service equipment may render plaintiff liable to damages, in addition to those for breach of contract, of a consequential nature for failing to perform: Taylor v. Kaufhold, 368 Pa. 538, 84 A.2d 347 (1951). The nature of these damages is speculative and conceivably could be extensive. It is this state of affairs which, in our judgment, is the ". . . other proper circumstances" contemplated by the Uniform Commercial Code. These facts render a legal remedy inadequate. Ibid at 302-303.

In the case at bar, the court may find that a similar situation exists from the facts pleaded. Emert ordered a grinder built to his exact specifications from Hanchett. The specifications were discussed at length by the parties. The grinder has failed to work. Plaintiff has already paid more than $128,000, the full price, for the grinder. At that price, it would be absurd to demand that plaintiff attempt to acquire a specialty "cover" machine. Just

as plaintiff in Ace Equipment resold the machine in the reasonable anticipation of owning it, so too has Emert pleaded that he took orders based on the reasonable anticipation that his quite-expensive machine would function correctly. In viewing the entire circumstance involved, the court may find that specific performance is the only adequate remedy available.

For the above reasons, this court feels that the grinder was a unique piece of machinery, in a proper set of circumstances to invoke a remedy of specific performance. Defendant's motion to dismiss is denied.

Defendant also filed a motion for a more specific pleading. As a rule, a pleading must be sufficiently specific to enable the respondents to prepare a defense. Philadelphia County Intermediate Unit v. Commonwealth Dept. of Education, 60 Pa. Commw. 546, 432 A.2d 1121 (1981).

This motion addresses only Count III of the complaint. Defendant apparently concedes that the cause of action in assumpsit Counts I and II is sufficiently specific for him to prepare a defense. It is based on the averments listed in paragraphs 1 through 10, which briefly outline the history of the grinder.

Those same averments are incorporated into Count III for specific performance. The distinction between Counts I and II, and Count III, is the remedy requested. For specific performance to be granted, plaintiff must plead that the item involved is unique and that special circumstances exist which indicate that the usual assumpsit remedies will be inadequate.

A thorough reading of paragraphs 1 through 10 along with Count III, reveals that plaintiff refers to the item as "unique" on numerous occasions. He

also alludes to the grinder negotiations and the orders he has received based upon his utilization of the grinder.

Defendant has adequate knowledge of the grinder to formulate a defense to the assumpsit claim. He is on notice concerning its uniqueness and the circumstances surrounding plaintiff's claim. Specific performance will be determined in accordance with the factual basis of these allegations. These are issues to be decided at trial, based upon discovery. A court will not sustain a motion for a more specific pleading when the information sought can best be obtained through discovery. Ro-Med Construction Co. v. Bartley, 69 D.&C. 2d 349 (1975). Defendant can accurately answer plaintiff's claim from the facts pleaded.

## ORDER

Now, this August 3, 1983, defendant's preliminary objections in the form of a motion to dismiss or a motion for a more specific pleading are dismissed. Defendant shall have 20 days to file a responsive pleading.