510 A.2d 385

George Feigley, Petitioner *v.* Glen Jeffes, Commissioner of Corrections and Thomas A. Fulcomer, Superintendent of State Correctional Institution-Huntingdon, Respondents.

Submitted on briefs April 16, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*George Feigley,* petitioner, for himself.

*Calvin R. Koons,* Deputy Attorney General, with him, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY SENIOR JUDGE BARBIERI, June 2, 1986:

Petitioner, George Feigley, has commenced a civil action in the nature of mandamus addressed to our orig-

inal jurisdiction under Section 761 of the Judicial Code, 42 Pa. C. S. §761, against the Respondents, Glen Jeffes, the Commissioner of Corrections for the Commonwealth, and Thomas A. Fulcomer, the Superintendent of the State Correctional Institution at Huntingdon (SCI-Huntingdon). Petitioner is presently an inmate at SCI-Huntingdon.

By this action, Petitioner seeks this Court to order Respondents to screen all food handlers at SCI-Huntingdon for the presence of Acquired Immune Deficiency Syndrome (AIDS) antibodies; comply with the requirements of Section 1 of the Act of June 14, 1923, P.L. 775, 61 P.S. §101, as it relates to providing adequate exercise periods for inmates housed in the restrictive housing unit (RHU); to certify Sandra Good as Petitioner's religious advisor pursuant to Section 1 of the Act of June 11, 1879, P.L. 140, 61 P.S. §121, and permit Petitioner religious visits with Ms. Good; and allow Petitioner to audit the employment qualifications of the staff at SCI-Huntingdon to ensure that all staff members are minimally qualified for the positions which they hold. Respondents have filed preliminary objections to the complaint wherein they objected to the mode of service; demurred to the mandamus action; and asserted the defense of a prior pending action in another forum. Petitioner has also filed a motion for summary relief pursuant to Pa. R.A.P. 1532(b). It is Respondents' Preliminary Objections and Petitioner's Motion for Summary Relief which are before this Court at the present time. We shall first address the Preliminary Objections of Respondents.

Respondents' first objection to Petitioner's action is the sufficiency of service. Respondents argue that Pa. R.C.P. No. 2104(b) prescribes the method for service of process in actions addressed to this Court's original ju-

risdiction.[1] That rule requires personal service of the writ or complaint upon the defendants *and* upon the attorney general. Since Petitioner here served his complaint upon the Respondents alone, and by first class mail, Respondents contend that Petitioner's service is deficient and this Court does not have jurisdiction over them.

Service of process in actions addressed to this Court's original jurisdiction is governed by the Rules of Appellate Procedure, not the Rules of Civil Procedure. *Philadelphia County Intermediate Unit No. 26 v. Department of Education,* 60 Pa. Commonwealth Ct. 546, 432 A.2d 1121 (1981). The form of service of process is, therefore, governed by Pa. R.A.P. 1514(c), not by Pa. R.C.P. No. 2104(b). *Id.* at 551, 432 A.2d at 1125. Rule 1514(c), dealing with service of the petition for review, reads, in pertinent part, as follows:

> *Rule 1514. Filing and Service of the Petition for Review.*
>
> . . . .
>
> *(c) Service.* A copy of the petition for review shall be served by the petitioner in person *or by certified mail* on the government unit which made the determination sought to be reviewed. In matters involving the Commonwealth the petitioner *shall similarly serve a copy upon the Attorney General of Pennsylvania.* When the government unit is comprised of a plurality of persons, each of whom is to be joined individually, or where there is otherwise a plurality of persons named as respondents, the petitioner shall

---

[1] Pa. R.C.P. No. 2104 was rescinded by an order of the Pennsylvania Supreme Court effective January 1, 1986. Pa. R.C.P. No. 422 replaces Pa. R.C.P. No. 2104 and is substantially similar to the former rule insofar as the requirements for service of process upon Commonwealth parties is concerned.

separately serve each person. . . . (Emphasis added).

Although Pa. R.A.P. 1514(c) authorizes service of process by certified mail as well as personal service, Petitioner has done neither choosing instead to serve the Respondents by first class mail. This is clearly not authorized by Pa. R.A.P. 1514(c) and such attempted service is insufficient to vest this Court with personal jurisdiction over the Respondents.

We are also satisfied that the naming of the Commonwealth's Commissioner of Corrections as a respondent sufficiently involves the Commonwealth in this action so that Petitioner was also required to serve a copy of his petition upon the Attorney General of the Commonwealth as required by Pa. R.A.P. 1514(c). *Cf. Department of Public Welfare v. Kallinger*, 66 Pa. Commonwealth Ct. 198, 443, A.2d 1219 (1982) (petition filed by county requesting hearing on whether county, another county or Commonwealth was liable for costs of involuntary treatment of prisoner was "action against the Commonwealth" for the purpose of requiring service upon the Attorney General under Pa. R.C.P. No. 2104(b)). Petitioner failed to even attempt service upon the Attorney General, attempting to serve only the named Respondents. This omission also renders his service defective and deprives this Court of personal jurisdiction over the Respondents. *Cf. Thorne v. Commonwealth*, 77 F.R.D. 396 (E.D. Pa. 1977) (Service defective where petitioner failed to serve a copy of summons upon person in charge of attorney general's office as required by Pa. R.C.P. No. 2104(b)). We must, therefore, sustain Respondents' objection to service and dismiss the complaint.

Having sustained Respondents' objection as to the sufficiency of service, we need not address the remaining objections nor Petitioner's motion for summary relief.

## Order

Now, June 2, 1986, upon consideration of Respondents' Preliminary Objection and Petitioner's Motion for Summary Relief and the briefs filed in support and opposition thereto, Respondents' Preliminary Objection to the sufficiency of service of process is hereby sustained and Petitioner's complaint is dismissed. Petitioner's Motion for Summary Relief is hereby denied.