## U.S. Claims Inc. v. Ostroff, Villari & Kusturiss P.C.

*David G. Concannon,* for plaintiff.

*David L. Narkiewicz* and *Laura A. Feldman,* for defendant.

HERRON, *J.,* July 25, 2001—Defendants Ostroff, Villari & Kusturiss P.C. and Peter M. Villari, Esquire, have filed preliminary objections to the complaint of plaintiff U.S. Claims Inc. For the reasons set forth in this opinion, the court is issuing a contemporaneous order overruling the objections.

## BACKGROUND

On July 2, 1999, Mr. Villari contacted U.S. Claims concerning the assignment of Mr. Villari's future legal fees of $152,837.50 from the settlement of *D'Olio v. Eastwick Medical Associates.* Three days later, Mr. Villari and U.S. Claims entered into an agreement under which U.S. Claims purchased the right to the *D'Olio* fees for $144,000. According to the complaint, U.S. Claims relied on Mr. Villari's representations in the July agreement that he had an absolute right to the *D'Olio* fees and that the *D'Olio* fees would be payable on December 31, 1999.

At the time of this transaction, Mr. Villari was serving as the attorney for Darryl Levine, U.S. Claims' principal shareholder. In September 1999, the relationship between Messrs. Villari and Levine soured, and Mr. Villari terminated his representation of Mr. Levine on September 21, 1999. On September 23, 1999, Mr. Villari initiated an action against Mr. Levine and asserted that he was a 25 percent owner of U.S. Claims. Mr. Villari was represented in the Villari action by John E. Kusturiss, a principal in OV&K.

The parties to the Villari action settled that matter in a settlement agreement dated December 23, 1999. Under part of the settlement agreement, U.S. Claims agreed to relinquish its rights to the *D'Olio* fees and to reduce Mr. Villari's obligation by $50,000. In exchange, Mr. Villari assigned U.S. Claims his right to receive attorneys' fees in *Burchell v. Kletter* as compensation for the remaining balance of $102,837.50. It was estimated that the *Burchell* fees would be available by August 31, 2000. On January 2, 2001, the defendants allegedly informed U.S. Claims that they would not pay any money as required under the terms of the settlement agreement.

On the basis of these allegations, U.S. Claims has filed claims against Mr. Villari for breach of the July agreement, against OV&K for tortious interference with contractual relations and against both defendants for breach of the settlement agreement and fraudulent inducement. In response, the defendants have filed the objections, which ask that U.S. Claims specify the damages suffered with greater detail and that U.S. Claims' request for attorneys' fees be stricken.

## DISCUSSION

Each of the objections is without merit and is denied accordingly.

### I. *U.S. Claims' Request for Damages Is Sufficiently Specific*

Pennsylvania requires that special damages[1] be specifically stated. Pa.R.C.P. 1019(f). Generally, damages are pled with adequate specificity where they "give the general details of the services rendered, the results accomplished and the valuation of the total services." Goodrich-Amram 2d §1019(f):9. A request for a more specific pleading of damages "will be denied where the details of items of special damages, pleaded generally, are readily obtainable by discovery." *Commonwealth ex rel. Milk Marketing Board v. Sunnybrook Dairies Inc.,* 29 Pa. Commw. 210, 214, 370 A.2d 765, 768 (1977). See also, *Foster v. Health Market Inc.,* 146 Pa. Commw. 156, 161-62, 604 A.2d 1198, 1201 (1992) (rejecting objection asserting insufficient specificity where amount of damages could be obtained through discovery).

Even assuming that the damages for each of the causes of action set forth in the complaint are "special damages," the details of the damages U.S. Claims has allegedly suffered are sufficient. The complaint repeatedly specifies that $152,837.50 was due under the July agree-

---

1. Special damages are "those which are not the usual and ordinary consequences of the wrong done, but which depend upon special circumstances." *Parsons Trading Co. v. Dohan,* 312 Pa. 464, 468, 167 A. 310, 312 (1933).

ment and that $102,837.50 was due under the settlement agreement. Complaint at ¶¶6-7, 20, 26, 29, 44, 48, 54, 60, 67. It is also alleged that no payments have been made under either agreement. *Id.* at ¶23. This is more than adequate to meet the pleading requirements for special damages, and the objections asserting insufficient specificity are overruled.

## II. *U.S. Claims' Demand for Attorney's Fees Is Permitted by the July Agreement*

The defendants next assert that U.S. Claims has no basis for demanding attorneys' fees and that its demand should be stricken with prejudice. A demand for damages, including attorneys' fees, may be stricken when the damages "are not legally recoverable in the cause of action . . . ." *Hudock v. Donegal Mutual Insurance Co.,* 438 Pa. 272, 277 n.2, 264 A.2d 668, 671 n.2 (1970). Counsel fees generally cannot be recovered "unless there is express statutory authorization, a clear agreement of the parties, or some other established exception." *Snyder v. Snyder,* 533 Pa. 203, 212, 620 A.2d 1133, 1138 (1993). (citations omitted)

U.S. Claims argues that the July agreement allows it to recover attorneys' fees in the instant action:

"(8) The claimant [Michael D'Olio] and the *attorney* [Mr. Villari], jointly and severally, hereby *indemnify* and agree to hold the purchaser [U.S. Claims] harmless from, and shall reimburse purchaser and its agents, representatives and successors and assigns for any and all loss, liability or damage suffered by purchaser by reason of any undue representation, breach of warranty or nonfulfill-

ment of any covenant by either the claimant or attorney contained in this assignment or in any document, instrument or other item delivered to purchaser in connection with this assignment; and any actions proceedings, liens, demands, assessments, judgments, costs and reasonable expenses including, without limitation, *reasonable legal fees and expenses,* incident to any of the foregoing or incurred in investigating or attempting to avoid or to oppose the same, or in enforcing this indemnity." Complaint exhibit A at ¶8. (emphasis added) This provision arguably allows U.S. Claims to recover attorneys' fees, at least in part, in this action. As a result, the objections to U.S. Claims' demand for attorneys' fees must be overruled at this time.

## CONCLUSION

U.S. Claims' request for damages is sufficiently specific, and its demand for attorneys' fees is permitted under the terms of the July agreement. Accordingly, the objections are overruled.

## ORDER

And now, July 25, 2001, upon consideration of the preliminary objections of defendants Ostroff, Villari & Kusturiss P.C. and Peter M. Villari, Esquire, to the complaint of plaintiff U.S. Claims Inc. and the plaintiff's response thereto, and in accordance with the memorandum opinion being filed contemporaneously with this order, it is hereby ordered and decreed that the objections are overruled. The defendants are directed to file an answer within 20 days of the date of entry of this order.