## Capriotti v. Beverly Enterprises Pennsylvania Inc.

C.P. of Fayette County, no. 2553 of 2004.

*Michael T. Collis* and *Peter D. Giglione,* for plaintiffs.
*Arthur K. Hoffman* and *Marc A. Moyer,* for defendants.

LESKINEN, *J.*, June 30, 2004—Before this court are preliminary objections to plaintiffs' amended complaint filed by defendants Beverly Enterprises Pennsylvania Inc.; Beverly Health and Rehabilitation Services; Beverly Enterprises Inc.; Joyce W. Hoch in her capacity as administrator of Beverly Healthcare-Uniontown; Vieva Wise Ferda in her capacity as director of nursing at Beverly Healthcare-Uniontown; and Jaci E. Null in her capacity as director of nursing of Beverly Healthcare-Uniontown Hospital.

After full consideration of the record, applicable law, and briefs of counsel, this court finds that defendants' preliminary objections to plaintiffs' amended complaint are without merit and are overruled except that the defendants' objection to plaintiffs' use of "inter alia" language in the amended complaint is sustained.

## BACKGROUND

The following facts have been alleged in the plaintiffs' amended complaint: Ms. Capriotti entered Beverly Healthcare-Uniontown (facility) on or about March 22, 2002. On or about November 10, 2002, plaintiff complained of severe left knee pain. An x-ray of the knee was not taken until the next day. Although the x-ray revealed a fracture, plaintiff was not taken to the hospital for yet another day. The cause and circumstances of the injury were generally charted as the result of a "recent trauma."

On or about December 2, 2002, plaintiff was found experiencing "grunting-like respiration." Plaintiff was admitted to Uniontown Hospital due to her failing condition, and was diagnosed with bilateral pneumonia. She

was also diagnosed with onychomycosis during her hospital stay. Her toenails were described as long and overgrown, painful in slippers and shoes, and 20-30 times the normal thickness.

On or about March 17, 2003, plaintiff suffered a fractured right wrist while undergoing a transfer within the facility. She was given only Tylenol to treat the severe pain in her wrist. On or about April 13, 2003, plaintiff's right thumbnail was noted to be loose and mycotic. On or about April 17, 2003, plaintiff was admitted to Uniontown Hospital with a diagnosis of two fractured bones in her right arm that occurred under the care of the defendants.

On or about December 16, 2003, plaintiff was admitted to Uniontown Hospital again, where she was diagnosed with a urinary tract infection, e. coli infection, dehydration, and malnutrition that occurred under the care of the defendants. On or about March 21, 2004, while under the care of the defendants, plaintiff was again admitted to the Uniontown Hospital and was again diagnosed with a urinary tract infection and dehydration.

On or about November 9, 2004 (reinstated on December 3, 2004), this civil action was filed by Ms. Capriotti, by and through her attorney-in-fact, Danielle Conn, against Beverly Enterprises Pennsylvania Inc.; Beverly Health and Rehabilitation Services; Beverly Enterprises Inc.; Joyce W. Hoch in her capacity as administrator of Beverly Healthcare-Uniontown; Vieva Wise Ferda in her capacity as director of nursing at Beverly Healthcare-Uniontown; and Jaci E. Null in her capacity as director of nursing at Beverly Healthcare-Uniontown Hospital (collectively the defendants).

In her amended complaint, plaintiff alleges that, while plaintiff was receiving long-term nursing care at the facility, the defendants committed negligence and malpractice. On or about February 14, 2005, defendants filed the within preliminary objections to plaintiffs' first amended complaint.

The preliminary objections are that:

(A) Plaintiff's claim against the Beverly defendants under a "corporate theory" of liability should be stricken from Count I of the amended complaint because Pennsylvania law fails to recognize such a cause of action against long-term nursing facilities and because the claim fails to assert a prima facie case for such a cause of action;

(B) Plaintiff should be required to amend her amended complaint so as to sufficiently apprise defendants of the precise allegations forming the basis for her complaint; and

(C) Plaintiff's claim for punitive damages should be dismissed because the alleged negligence forming the basis for plaintiff's claim does not rise to the level of conduct necessary for the imposition of punitive damages as a matter of law.

## DISCUSSION

Under Pennsylvania law, preliminary objections should only be sustained in cases that are "free and clear from doubt." *Bower v. Bower,* 531 Pa. 54, 57, 611 A.2d 181, 182 (1992). Therefore, "a court must overrule [objections in the nature of a demurrer] if the complaint pleads sufficient facts which, if believed, would entitle

the petitioner to relief under any theory of law." *Wilkins-burg Police Officers Association v. Commonwealth,* 535 Pa. 425, 431, 636 A.2d 134, 137 (1993). Following these principles, the defendants' preliminary objections are sustained in part and overruled in part.

## Corporate Negligence

Defendants' first preliminary objection seeks to strike plaintiffs' claim against the Beverly defendants under a "corporate theory" or liability from Count I of the amended complaint because Pennsylvania law fails to recognize such a cause of action against long-term nursing facilities, like Beverly, and because the claim fails to assert a prima facie case for such a cause of action. Specifically, the defendants wish to strike paragraphs 62 through 64.

In *Thompson v. Nason Hospital,* the Pennsylvania Supreme Court was faced with an issue of first impression: Can a hospital be held liable under a theory of "corporate negligence" in addition to vicarious liability? Under the doctrine of corporate negligence, a hospital owes a direct duty to patients to ensure their safety and well-being. *Thompson v. Nason Hospital,* 527 Pa. 330, 591 A.2d 703 (1991).

The court in *Thompson* classified the hospital's duties into four areas: (i) a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment; (ii) a duty to select and retain competent physicians; (iii) a duty to oversee all persons who practice medicine within the hospital walls; and (iv) a duty to formulate, adopt, and enforce rules and policies to ensure quality care is provided to the patients. *Thompson,*

*supra* at 339, 591 A.2d at 707. "This theory of liability creates a nondelegable duty which the hospital owes directly to a patient. There, an injured party does not have to rely on and establish the negligence of a third party." *Id.* (footnote omitted)

In *Welsh v. Bulger,* 548 Pa. 504, 698 A.2d 581 (1997), the Pennsylvania Supreme Court held that:

"Corporate negligence is based on the negligent acts of the institution. . . . A cause of action for corporate negligence arises from the policies, actions or inaction of the institution itself rather than the specific acts of individual hospital employees. . . . Thus, under this theory, a corporation is held directly liable, as opposed to vicariously liable, for its own negligent acts." *Welsh,* 548 Pa. at 513, 698 A.2d at 585. (citations omitted)

The *Welsh* court went on to list the requirements for a plaintiff to plead a prima facie case for corporate negligence:

"To establish a claim for corporate negligence against a hospital, a plaintiff must show that the hospital had actual or constructive knowledge of the defect or procedures that created the harm. . . . The plaintiff must also establish that the hospital's negligence was a substantial factor in causing harm to the injured party." *Id.*

In 1998, the Superior Court extended corporate negligence to health maintenance organizations (HMOs). *Shannon v. McNulty,* 718 A.2d 828, 835 (Pa. Super. 1998). Although the court found that HMOs do not specifically practice medicine, HMOs are involved in the daily decision-making which affects patient care, such as limiting the length of hospital stays, restricting access to special-

:

ists, restricting access to therapy, or preventing emergency room care. *Id.* The Superior Court stated, "we see no reason why the duties applicable to hospitals should not be equally applicable to an HMO when that HMO is performing the same or similar functions of a hospital." *Id.* at 836.

In *Dontonville v. Jefferson Health System,* 2002 U.S. Dist. Lexis 624, 2002 W.L. 59318 (E.D. Pa. 2002), the Eastern District Court, in reviewing the concept of corporate negligence's applicability to a corporate health system including a hospital and physicians' group as corporate entities, allowed the action to proceed, citing a state court of common pleas' decision in *Oven v. Pascucci,* 46 D.&C.4th 506, 512 (Lacka. Cty. 2000), for the holding that corporate negligence is an evolving doctrine under Pennsylvania law, which theory is based upon the systemic or institutional negligence of the defendant itself rather than the conduct of individual employees.

The issue of extending corporate liability to a nursing home has only been addressed once in a Pennsylvania court. In *Frantz v. HCR Manor Care Inc.,* 64 D.&C.4th 457 (Schuylkill Cty. 2003), a court of common pleas, finding that the plaintiff pleaded sufficient facts which would entitle the plaintiff to relief under the corporate negligence theory, dismissed a defendant's preliminary objection to a corporate liability claim against a nursing home.

Of note is the Superior Court's nonprecedential memorandum decision in *Stevens v. Pacopis and Ameriplan USA Dental Care,* per Justices Stevens, Olszewski and Beck, PICS case no. 03-1828 (Pa. Super. 2003), wherein this Superior Court panel held that the defendant dis-

count dental service provider was not liable for the dental negligence of Dr. Pacopis under the theory of corporate negligence because of its not evidencing the characteristics of a health maintenance organization. *Frantz v. HCR Manor Care Inc.,* 64 D.&C.4th 457 (Schuylkill Cty. 2003).

Plaintiffs aver that the corporate defendants knowingly, and with reckless disregard for the health and well-being of the facility residents, grossly understaffed and under-funded the facility; failed to appropriately train the staff; and knowingly permitted Ms. Capriotti to be neglected. Plaintiffs aver that Ms. Capriotti's injuries were caused by the poor treatment that she received at the facility and by the acts and omissions of the corporate owners, including Beverly Enterprises Inc. and Beverly Health and Rehabilitation Services Inc. (corporate defendants). As outlined by the plaintiffs, the corporate defendants exercised comprehensive control over the treatment and care accorded to the plaintiff, and in this regard acted analogously to a hospital or HMO, and not simply as a facility where the patient was housed while others performed medical care.

If believed, the facts pled show that the defendants had actual or constructive knowledge of the defect or procedures that created the harm to the plaintiff. Likewise, they would show that the defendants' negligence was a substantial factor in causing harm to the plaintiff.

This court finds that the plaintiffs have pled sufficient facts which, if believed, would entitle the plaintiff to relief under the corporate negligence theory. The defendants' preliminary objections to the plaintiffs' claims of corporate liability are dismissed.

## Lack of Specificity

Defendants' second preliminary objection concerns allegations of insufficient specificity in the pleadings. Defendants request that plaintiff be required to amend her amended complaint so as to sufficiently apprise defendants of the precise allegations forming the basis for her complaint or that certain paragraphs be stricken from the amended complaint.

Pa.R.C.P. 1028(a)(3) provides that a party may file a preliminary objection for "insufficient specificity in a pleading." Pa.R.C.P. 1019(a) requires plaintiffs to plead the material facts that support the claims. A complaint is sufficiently specific if it provides the defendant with enough facts to enable the defendant to frame a proper answer and prepare a defense. *Commonwealth ex rel. Milk Marketing Board v. Sunnybrook Dairies Inc.,* 29 Pa. Commw. 210, 370 A.2d 765 (1977).

A complaint must not only apprise the defendant of the claim being asserted, but it must also summarize the essential facts to support the claim. *Cardenas v. Schober,* 783 A.2d 317 (Pa. Super. 2001). The purpose of the pleadings is to place a defendant on notice of the claims upon which he will have to defend. *City of New Castle v. Uzamere,* 829 A.2d 763 (Pa. Commw. 2003).

In addition to other objections, defendants object to use of "inter alia" in several paragraphs of the plaintiffs' amended complaint. As defined by Black's Law Dictionary, seventh edition, "inter alia" is Latin for "among other things." The defendants also object to other qualifying language. For example, the defendants object to the use

of "such as" in paragraph 65(d) which accuses Beverly of failing to protect the plaintiff from injuries "such as" her fractured arm, leg, and knee; the use of "including" in paragraph 65(g) which accuses Beverly of failing to maintain appropriate records, "including" a failure to monitor and document changes in plaintiff's condition.

Defendants object to paragraph 65(a) which alleges that Beverly failed "to hire appropriately trained staff" on grounds that the plaintiffs failed to identify what plaintiffs consider to be appropriate. Defendants object to various other paragraphs on similar grounds.

A pleading must achieve its purpose of informing the adverse party or parties and the court of the matters at issue. *PennDOT v. Shipley Humble Oil Company,* 29 Pa. Commw. 171, 370 A.2d 438 (1977). However, this court has "broad discretion in determining the amount of detail that must be averred since the standard of pleading set forth in Rule 1019(a) is incapable of precise measurement." *Pike County Hotels Corporation v. Kiefer,* 262 Pa. Super. 126, 134, 396 A.2d 677, 681 (1978).

It is the determination of this court to overrule all of defendants' objections concerning the lack of specificity except for the objections concerning the plaintiffs' use of "inter alia" language. Plaintiffs' use of the language "inter alia" violates the aforementioned rule and that language is hereby stricken from the plaintiffs' amended complaint. Plaintiffs shall have 20 days to file a more specific complaint if plaintiffs choose to replace the "inter alia" language with more specific allegations.

## Punitive Damages

Defendants argue that plaintiffs' claim for punitive damages should be dismissed because the alleged negligence forming the basis of plaintiffs' claim does not rise to the level of conduct necessary for the imposition of punitive damages as a matter of law. Plaintiffs aver that Ms. Capriotti's injuries were caused by the poor treatment that she received at the facility and by the acts and omissions of the corporate defendants.

The Medical Care Availability and Reduction of Error Act enacted March 20, 2002, recognizes that punitive damages may be imposed against "health care providers" for willful or wanton conduct or reckless indifference to the rights of others. 40 P.S. §1303.505. The Act specifically includes "nursing home" within the definition of health care provider. Section 1303.503.

Punitive damages are not awarded for mere inadvertence, mistake, errors of judgment, and the like, which constitute ordinary negligence. Restatement (Second) of Torts §908, comment (b). It is incumbent on plaintiff to plead facts amounting to outrageous conduct, *i.e.,* reckless indifference to the interest of others or wanton misconduct on the part of the defendant, in order to support a claim for punitive damages. *Smith v. Brown,* 283 Pa. Super. 116, 423 A.2d 743 (1980).

Plaintiffs aver that the corporate defendants, in an attempt to maximize profits, knowingly acted with reckless disregard for the health and well-being of the facility residents by increasing the number of acutely ill residents while grossly under-staffing and under-funding the facility and failing to appropriately train the staff.

This court cannot say, as a matter of law, that the defendants did not act with a level of reckless disregard such that a jury would regard an award of punitive damages appropriate. Therefore, the plaintiffs have pleaded sufficient facts which, if believed, would entitle the plaintiff to punitive damages. We hold, as plaintiffs contend, that the second amended complaint contains sufficient facts to state a claim for punitive damages.

Therefore, this court enters the following:

## ORDER

And now, June 30, 2004, it is hereby ordered and decreed that, upon consideration of the preliminary objections filed on behalf of defendants Beverly Enterprises Pennsylvania Inc.; Beverly Health and Rehabilitation Services; Beverly Enterprises Inc.; Joyce W. Hoch, in her capacity as administrator of Beverly Healthcare-Uniontown; Vieva Wise Ferda, in her capacity as director of nursing at Beverly Healthcare-Uniontown; and Jaci E. Null, in her capacity as director of nursing of Beverly Healthcare-Uniontown Hospital, applicable law and briefs of counsel, it is hereby ordered and decreed that defendants' objections to plaintiffs' amended complaint are overruled except that defendants' objections to the plaintiffs' use of "inter alia" language in the amended complaint is sustained. Plaintiffs' use of "inter alia" in the amended complaint is stricken.

Plaintiffs shall have 30 days to file a more specific complaint if plaintiffs choose to replace the "inter alia" language with more specific allegations.