David **GILLOTT**, John S. Hess, Jr., and John G. Komlenic, acting for themselves and as representatives of others similarly situated, Plaintiffs,

v.

**POWEREX, INC.,** Defendant.

Civ. A. No. 94–709.

United States District Court, W.D. Pennsylvania.

Sept. 20, 1995.

Craig M. Brooks, Houston Harbaugh, Pittsburgh, PA, for plaintiffs.

Richard J. Antonelli, Paul Amato, Buchanan Ingersoll, Pittsburgh, PA, for defendant.

## OPINION AND ORDER OF COURT

AMBROSE, District Judge.

Currently pending before the Court is a Motion by Defendant Powerex, Inc. ("Powerex") for Summary Judgment or, in the Alternative, Motion for Partial Summary Judgment (Docket #: 19) ("Motion"). On April 29, 1994, named Plaintiffs, David Gillott, John S. Hess, Jr. and John G. Komlenic ("Plaintiffs"), acting for themselves and as representatives of others similarly situated, commenced this action against Powerex for unpaid overtime pay pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* ("FLSA"), and the regulations enacted pursuant to the FLSA at 29 C.F.R. Part 541. Specifically, Plaintiffs allege that (1) they and others similarly situated were eligible under the FLSA, but were not paid by Powerex, for overtime hours worked while employed by Powerex; (2) Powerex failed to properly make, keep and preserve adequate and accurate records of the hours worked by Plaintiffs and others similarly situated and of the overtime compensation due these individuals each week; and (3) the FLSA's three year statute of limitations is applicable to the action because Powerex's violation of the FLSA was willful.

In its Motion, Powerex disputes Plaintiffs' position of eligibility of themselves and others similarly situated for overtime compensation, arguing that when employed by Powerex, Plaintiffs and others similarly situated were properly classified as being employed in bona fide executive, administrative or professional capacities, as defined in 29 C.F.R. § 541.0 *et seq.*, and thus, as a matter of law, were exempt from receiving overtime compensation under the FLSA. Powerex also argues in its Motion that if it is liable to Plaintiffs and others similarly situated under the FLSA, its violation of the FLSA provi-

sions was not willful and therefore, as a matter of law, the applicable statute of limitations in this action is the FLSA's two year statute of limitations.

The parties have filed briefs as well as deposition testimony, affidavits, and exhibits in support of their respective positions. For the reasons set forth below, Defendant Powerex Inc.'s Motion will be denied as to the exemption of Plaintiffs and others similarly situated from overtime pay under the FLSA and granted as to the applicability of the FLSA's two year statute of limitations to this action.

▮ Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the Court must examine the facts in a light most favorable to the party opposing the motion. *International Raw Materials, Ltd. v. Stauffer Chemical Co.,* 898 F.2d 946, 949 (3d Cir.1990). The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893, 896 (3d Cir.1987). The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is material when it might affect the outcome of the suit

under the governing law. *Id.,* Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552.

Viewing the facts of this action in a light most favorable to Plaintiffs, Plaintiffs' cause of action centers around a Powerex disciplinary policy, entitled "Rules of Conduct", which was in effect throughout the time Plaintiffs were employed by Powerex. It is Plaintiffs' position that because they and others similarly situated were subject to discipline under the Rules of Conduct, they were not employed in bona fide executive, administrative or professional capacities, as defined in 29 C.F.R. § 541.0 *et seq.,* and thus, pursuant to the FLSA, were entitled to overtime compensation for overtime worked while employed by Powerex. Conversely, Powerex argues that Plaintiffs and others similarly situated (1) were not and never have been subject to disciplinary suspension without pay pursuant to the Rules of Conduct and (2) have never been suspended or had their pay reduced because of the Rules of Conduct and therefore, are exempt from receiving overtime pay under the FLSA.

Powerex's Rules of Conduct lists examples of employee conduct considered unacceptable by Powerex and therefore, for which a Powerex employee can be disciplined. Many of the infractions listed in the Rules of Conduct are not safety related and those that are safety related are not all of major significance. Further, the Rules of Conduct provides, *inter alia,* for suspensions without pay for infractions that are not safety violations of major significance. On its face, the Rules of Conduct appears to apply to all Powerex employees.[1]

---

1. The Rules of Conduct state, in pertinent part, that:

> [i]n any work environment, certain standards of conduct must be employed by *all employes* [sic] in order to provide a safe, pleasant, and orderly workplace. These rules are being posted to help you recognize the types of unaccep-

table conduct which may result in disciplinary action against an employe [sic]. Any disciplinary action will, of course, be based on the facts and circumstances in each specific case as well as the previous record of the employe [sic] involved.

(emphasis added).

A copy of the Rules of Conduct was posted in a number of Powerex buildings, including the Powerex administration building in which Plaintiffs worked. Copies of the Rules of Conduct were handed out to Powerex employees, including Plaintiff Hess, upon hiring by Powerex. Other correspondence addressed and sent out by Powerex to all its employees, including Plaintiffs, referred the reader to the Rules of Conduct and warned that violation of a particular company rule, for example, not wearing safety glasses, was a violation of the Rules of Conduct and could result in discipline under the Rules.

Although other, non-exempt Powerex employees apparently were told by Powerex management that exempt employees were not subject to discipline under the Rules of Conduct,[2] Plaintiffs were never informed, orally or in writing, that the Rules of Conduct and its disciplinary mechanism were inapplicable to exempt employees. Moreover, Plaintiff Gillott participated in a team of Powerex managers who adopted and put into place the Rules of Conduct and Plaintiff Gillott stated that throughout the discussion, formulation and adoption of the Rules of Conduct by Powerex not only was it never indicated that the Rules of Conduct would not apply to all segments of Powerex's employees, but, rather, the discussions concerning the Rules of Conduct indicated that the Rules of Conduct were to be applied to all Powerex employees. Powerex also utilized an attendance form for Plaintiffs which listed "Disciplinary Furlough" as one possible reason for Plaintiffs' absence from employment.

None of the Plaintiffs were ever disciplined pursuant to the Rules of Conduct. Plaintiffs, however, allege that two other exempt Powerex employees (only one employee of which Powerex admits was exempt) were disciplined pursuant to the Rules of Conduct. The first employee was suspended from work without pay for three days in 1986 pursuant to the Rules of Conduct for insubordination and reluctance to follow directions. The second employee, whom Powerex admits was an exempt employee, was found to have engaged in falsification of an expense report and was given the option by Powerex of either being involuntarily discharged by Powerex for his actions or resigning; the Rules of Conduct state that falsification may result in immediate discharge. This employee elected to resign rather than to be discharged.

Reviewing the provisions of the FLSA applicable to this action, the FLSA provides, in pertinent part, that:

(a) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate of not less than one and one half times the regular rate at which he is employed.

29 U.S.C. § 207(a). An exception to this general rule mandating overtime compensation is that under the FLSA, an employer is not required to pay overtime compensation to employees "employed in a bona fide executive, administrative, or professional capacity;" said employees are deemed "exempt." 29 U.S.C. § 213(a)(1).

The Department of Labor has enacted regulations defining this exemption. First, to be exempt, an employee must primarily have managerial or supervisory duties. 29 C.F.R. §§ 541.103–541.117. Second, to be exempt, an employee must earn at least $250.00 per week in wages. 29 C.F.R. § 541.117. Finally, to be exempt, an employee must be paid "on a salary basis." 29 C.F.R. § 541.118.

■ In making the determination of whether an employee is one employed in a bona fide executive, administrative or professional capacity and therefore, is an exempt employee not entitled to overtime pay, the burden of proof rests on the employer—i.e. an employee will not be exempt from the

---

**2.** Union representatives at Powerex who complained on several occasions that non-union supervisors were not being properly disciplined under the Rules of Conduct were told that at-will

Powerex employees were neither subject to disciplinary suspensions nor payroll deductions pursuant to the Rules of Conduct.

overtime pay requirements of the FLSA unless the employer affirmatively shows that the employee fits all the exemption's requirements. *Corning Glass Works v. Brennan,* 417 U.S. 188, 196–97, 94 S.Ct. 2223, 2229–30, 41 L.Ed.2d 1 (1974); *McGrath v. City of Philadelphia,* 864 F.Supp. 466, 483 (E.D.Pa. 1994). Moreover, the overtime compensation provisions of the FLSA are to be construed broadly in favor of the employee and narrowly against the employer. *Mitchell v. Lublin, McGaughy & Assoc.,* 358 U.S. 207, 211, 79 S.Ct. 260, 264, 3 L.Ed.2d 243 (1959); *Reich v. Gateway Press, Inc.,* 13 F.3d 685 (3d Cir. 1994); *McGrath,* 864 F.Supp. at 483. Furthermore, the employer "must demonstrate that its employees fit 'plainly and unmistakably within [the exemption's] terms'." *McGrath,* 864 F.Supp. at 483, *citing, Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 392, 80 S.Ct. 453, 456, 4 L.Ed.2d 393 (1960).

█ As indicated above, in determining whether an employee is entitled to overtime pay under the FLSA, one must determine, *inter alia,* whether or not an employee is paid "on a salary basis." It is the status of Plaintiffs and others similarly situated as "salaried" Powerex employees that lies at the heart of Powerex's Motion; neither Plaintiff nor Powerex have raised the argument that Plaintiffs and others similarly situated do not otherwise satisfy the requirements for exemption from overtime compensation under the FLSA.[3]

█ "Salary basis" is defined, in pertinent part, in the FLSA's regulations as follows:

[a]n employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting of all or part of his compensation, *which amount is not subject to reduction because of variations in the quality or quantity of the work performed.* Subject to the excep-

tions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked.

29 C.F.R. § 541.118(a) (emphasis added). Thus, under § 541.118(a), the otherwise "exempt" status of an employee generally is lost if an employee's compensation is "subject to reduction because of variations in the quality or quantity of the work performed."

█ There are, however, several exceptions to this general rule contained in § 541.118(a). *See* 29 C.F.R. § 541.118(a)(1) through (a)(5). Of these exceptions, also listed in § 541.118(a), § 541.118(a)(5) is the only exception relevant to the instant litigation. Section 541.118(a)(5) states:

[p]enalties imposed in good faith for infractions of safety rules of major significance will not affect the employee's salaried status. Safety rules of major significance include only those relating to the prevention of serious danger to the plant, or other employees, such as rules prohibiting smoking in explosive plants, oil refineries, and coal mines.

29 C.F.R. § 541.118(a)(5). Implicit in the § 541.118(a)(5) exception is that compensation reduction imposed in good faith by an employer against an employee for violation of a rule that is not a safety rule of major significance is an impermissible reduction of an employee's compensation that will affect the status of an otherwise exempt employee.

Thus, the provisions of the FLSA are clear: to be paid on a salaried basis, an employee must be paid a sum "which amount is not subject to reduction because of variations in the quality or quantity of the work performed" unless the deductions clearly fit into one of the exceptions listed in the subdivisions of § 541.118(a). What is not so clear is the issue of whether a salaried employee's merely being theoretically subject to an employer's policy providing for an impermissible reduction in pay is sufficient to defeat an

---

**3.** Plaintiff Gillott held various management positions with Powerex, including Vice President of Operations and Facilities Manager, earning in excess of $70,000 during his employment with Powerex. Plaintiff Hess worked as an engineer

for Powerex, earning approximately $50,000 during his employment with Powerex. Plaintiff Komlenic worked as an engineer for Powerex, earning approximately $50,000 during his employment with Powerex.

employee's exemption from the FLSA's overtime pay requirement or whether that employee's pay must actually be impermissibly reduced pursuant to an employer's policy before the employee's exempt status is lost.

While the United States Court of Appeals for the Third Circuit has not yet decided this issue, the majority of the federal courts which have addressed this issue have held (and Plaintiffs argue) that if a salaried employee's pay can theoretically be impermissibly docked pursuant to a policy of an employer, then that employee's pay is "subject to" deduction within the meaning of § 541.118(1).[4] Other federal courts, however, have refused to destroy an employee's exempt status simply because an employer has in place a policy which theoretically could improperly subject an exempt employee to a reduction in pay; these courts have held that an employee's exempt status is lost only when an impermissible pay reduction actually results.[5] It is this latter analysis that Powerex argues is the proper position to be adopted by this Court.

Those federal courts that have adopted the position that § 541.118's interpretation does not require that an impermissible pay deduction actually have been made from an employee's salary before an exemption from overtime pay is lost but, rather, that the impermissible deduction need only theoretically be applicable to the employee, base their determination on: (1) the plain language of the regulation; (2) the legal principle that exemptions under the FLSA are to be narrowly interpreted in order to further Congress' mandate to provide broad federal employment protection; (3) the legal principle that the burden is on the employer to establish the applicability of an exemption; and (4) the fact that material generated by the Department of Labor appears to recognize that actual deductions are unnecessary before the exemption is lost. *See, for example, Klein v. Rush–Presbyterian–St. Luke's Medical Center*, 990 F.2d 279, 286 (7th Cir. 1993) ("'[s]ubject to reduction' does not mean that a reduction was actually made. The plain meaning of the language suggests that it is enough that a deduction could have been made for an impermissible reason"); *Abshire v. County of Kern*, 908 F.2d 483, 485 (9th Cir.1990) (exemptions to the FLSA are to be narrowly construed in order to further Congress' goal of providing broad federal employment protection and employers who claim that an exemption applies to their employees have the burden of proof); *Yourman v. Dinkins et al.*, 826 F.Supp. 736, 743 (S.D.N.Y.1993) (citations omitted) ("unambiguous material generated by the DOL seems to recognize that actual deductions are unnecessary before the exemption is lost. In its promulgation of § 541.5d [which creates an additional exception for public employees to the general rule regarding when an employee is paid on a salary basis], the DOL declined the suggestion of one commentator to 'alter[ ] the regulations to require that an actual deduction of pay occur before the exemption is lost.' The DOL expressly found that requiring an actual deduction was inconsistent with the appropriate focus upon the pay system at issue").

---

4. *See, for example, Hurley v. State of Oregon*, 27 F.3d 392, 395 (9th Cir.1994); *Shockley v. City of Newport News*, 997 F.2d 18, 24–25 (4th Cir. 1993); *Kinney v. District of Columbia*, 994 F.2d 6, 11 (D.D.C.1993); *Klein v. Rush–Presbyterian– St. Luke's Medical Center*, 990 F.2d 279, 286 (7th Cir.1993); *Martin v. Malcolm Pirnie, Inc.*, 949 F.2d 611, 615 (2d Cir.1991), *cert. den'd*, 506 U.S. 905, 113 S.Ct. 298, 121 L.Ed.2d 222 (1992); *Abshire v. County of Kern*, 908 F.2d 483, 487 (9th Cir.1990), *cert. den'd*, 498 U.S. 1068, 111 S.Ct. 785, 112 L.Ed.2d 848 (1991); *Yourman v. Dinkins et al.*, 826 F.Supp. 736, 743 (S.D.N.Y.1993); *Banks v. City of North Little Rock*, 708 F.Supp. 1023, 1024–25 (E.D.Ark.1988); *Hawks v. City of Newport News, Virginia*, 707 F.Supp. 212, 215 (E.D.Va.1988); *Persons v. City of Gresham, Ore-* gon, 704 F.Supp. 191, 194 (D.Or.1988); *D'Camera v. District of Columbia*, 693 F.Supp. 1208, 1212 (D.D.C.1988); *Knecht v. City of Redwood City*, 683 F.Supp. 1307, 1311 (N.D.Cal.1987).

5. *See, for example, McDonnell v. City of Omaha, Nebraska*, 999 F.2d 293, 298 (8th Cir.1993), *cert. den'd*, —— U.S. ——, 114 S.Ct. 1188, 127 L.Ed.2d 538 (1994); *York v. City of Wichita Falls, Texas*, 944 F.2d 236, 242 (5th Cir.1991); *Atlanta Professional Firefighters Union v. City of Atlanta*, 920 F.2d 800, 805 (11th Cir.1991); *McGrath v. City of Philadelphia*, 864 F.Supp. 466, 488 (E.D.Pa. 1994), where the "actual reduction" approach was adopted as a "better reasoned approach, *especially in the context of a public employer*...." (emphasis added).

The rationales upon which those federal courts that have held that actual impermissible deductions from compensation pursuant to an employer's policy are necessary before an employee can lose his exempt status include a 1986 Department of Labor letter ruling which states:

> [w]here an occasional deduction that is not permitted by section 541.118 is made from the salary of an otherwise exempt employee, the exemption would be lost in that workweek when the deduction is made. However, if such deductions are regular and recurring, we would question whether the employee is actually paid "on a salary basis" and the exemption may be denied in all workweeks in which it is claimed, including those weeks when no deductions are made.[6]

These courts have also held that where a plaintiff cannot show any evidence of an employee's pay being impermissibly docked, the employer has met its burden of proving that employees' pay was not "subject to deduction." *See, for example, McGrath,* 864 F.Supp. at 488.

■■■■ Having reviewed both positions, I hold that if an employee's pay can even theoretically be impermissibly docked pursuant to an employer's policy, such as an employer's disciplinary policy that may result in suspension and consequent pay reduction for an infraction that is not a safety violation of major significance, then the employee does not qualify as an employee exempt from receiving overtime compensation under the FLSA and is entitled to receive overtime pay when appropriate. Having so held, I further determine that there is a genuine issue of material fact as to whether or not Plaintiffs and others similarly situated were subject to

discipline under Powerex's Rules of Conduct, a disciplinary policy which provides for suspension and consequent pay reduction for infractions that are not safety rules of a major significance. Accordingly, Defendant Powerex Inc.'s Motion for Summary Judgment on the issue of whether Plaintiffs and others similarly situated are exempt from the FLSA's overtime pay requirements must be denied.

### Statute of Limitations

Powerex also argues that partial summary judgment should be granted in favor of Powerex on the issue of the applicability of the FLSA's two year statute of limitations to this action. It is Powerex's contention that the FLSA's two year statute of limitations must, as a matter of law, be applied in the instant action because "[p]laintiffs have failed to demonstrate that Powerex knew or showed reckless disregard for the matter of whether its actions in implementing its Rules of Conduct were prohibited by the Act."

■■■■ In general, the statute of limitations for an action brought pursuant to the FLSA is two years. 29 U.S.C. § 255(a). However, "a cause of action arising out of a willful violation [of the FLSA may] be commenced within three years after the cause of action accrued." *Id.* In determining whether a defendant committed a willful violation of the FLSA, the governing standard is that an employer has not committed a willful violation of the FLSA unless it "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677, 1681,

---

**6.** Several of the courts which adopted the position that an employee's pay merely must be subject to potential deductions for the employee to lose status as an exempt employee paid on a salary basis have taken the posture that this Letter Ruling is inapplicable in situations such as the instant one where the potential deductions are the product of a set policy adopted by the defendant employer. *See, for example, Abshire v. County of Kern* where the court reasoned:

> [w]here there is an occasional deduction made because of an error on the part of a government entity or because of an individual decision by a supervisor, there is good reason to

say that the affected employee's status will be changed only for the week in which the unpermitted deduction was made. Cf. § 541.118(a)(6) (where individual error made and corrected). But where an employer deliberately adopts a policy rendering employees' pay *'subject to'* deduction for unpermitted reasons, the frequency with which an employer is forced to apply that policy is irrelevant.

*Abshire,* 908 F.2d at 488. *See also Yourman v. Dinkins,* 826 F.Supp. 736, 743 (S.D.N.Y.1993); *Pautlitz v. City of Naperville,* 781 F.Supp. 1368, 1373 n. 9 (N.D.Ill.1992).

100 L.Ed.2d 115 (1988). *See also Reich v. Gateway Press, Inc.,* 13 F.3d 685, 702 (3d Cir.1994); *Oakes v. Commonwealth of Pennsylvania,* 871 F.Supp. 797, 801 (M.D.Pa. 1995). Moreover, in determining whether a defendant's actions were willful, the term should be viewed as synonymous with such words as "voluntary," "deliberate," and "intentional." *McLaughlin,* 486 U.S. at 133, 108 S.Ct. at 1681. It is not enough that the defendant "knew that the FLSA 'was in the picture'." *Id.*

Plaintiffs have not set forth any evidence that Powerex intentionally violated the FLSA or that it was reckless in its consideration of whether its Rules of Conduct violated the FLSA. Consequently, I find that Powerex's conduct, if violative of the FLSA, does not amount to a willful violation of the FLSA and accordingly, Defendant Powerex Inc.'s Motion for Summary Judgment as to the applicability of the FLSA's two year statute of limitations is granted.