## Rafferty v. Filer

114

C.P. of York County, no. 97-SU-5258-01.

*Joseph C. Korsak,* for plaintiff.
*Lillian M. Morgan,* for defendant.

KENNEDY, *J.,* April 16, 1998—Before this court for disposition are the preliminary objections filed by the defendant, Robert B. Filer M.D., in response to the amended complaint filed by plaintiff, Julie Rafferty, alleging wrongful termination of her employment. For the following reasons, we will sustain in part and over-rule in part the defendant's preliminary objections.

FACTUAL AND PROCEDURAL BACKGROUND

The facts as pled are as follows. Julie Rafferty became employed by Robert B. Filer on April 14, 1991, under

the terms and conditions of a written employment agreement. As an inducement of employment, the defendant offered the plaintiff participation in a profit-sharing plan. On July 31, 1991, the defendant unilaterally issued a "Personal policy and procedure manual." Said policy was revised on October 31, 1994. During the course of the plaintiff's employment, the defendant created a simplified employee pension plan in which the plaintiff was a participant. Contributions were made by the defendant on behalf of the plaintiff in previous years. On April 15, 1996, the plaintiff was awarded a 5 percent pay increase, but failed to receive payment in accordance with such raise. On or about September 22, 1997, the plaintiff's employment with the defendant was terminated.

The plaintiff filed a complaint against the defendant on October 28, 1997 alleging: Count I—breach of contract; Count II—violation of the Fair Labor Standards Act; and Counts III & IV—violations of the Wage Payment and Collection Act. The defendant filed preliminary objections in the nature of a demurrer to Counts I & IV and in the alternative for a more specific pleading, on January 13, 1998.

The plaintiff thereby filed an amended complaint on January 23, 1998 alleging four counts which are as follows. Count I—breach of contract, is based on plaintiff's termination without just cause, the defendant's failure to make SEP contribution on her behalf and the defendant's failure to fund a 5 percent raise given on April 15, 1996. Count II—Fair Labor Standards Act, is based on plaintiff's regular schedule of working over 40 hours per week and the defendant's requirement that the plaintiff make up all time missed during the

week. Count III—Wage Payment and Collection Act, is based on the plaintiff's overtime work hours. Finally, Count IV—Wage Payment and Collection Act, is based on the plaintiff's failure to receive in profit sharing a sum equal to or in excess of her salary, as advised by the defendant.

The defendant filed the herein preliminary objections in the nature of a demurrer to Count I, Count II, Count III and Count IV of the amended complaint. In addition, the plaintiff filed a motion for a more specific pleading as to Count II, Count III and Count IV. These preliminary objections and brief in support thereof were filed on February 12, 1998. The plaintiff filed her brief in opposition to the defendant's preliminary objections on February 12, 1998. The case was listed for one-judge disposition pursuant to York Local Rule 6030, and is presently before this court.

## ANALYSIS

The defendant's preliminary objections are in the nature of a demurrer to Counts I through IV, and in the alternative for a more specific pleading as to Counts II through IV.

As to the demurrer of Count I, the defendant avers first that the plaintiff failed to state a cause of action for termination because the termination of an at-will employee contract is not actionable. Second, the defendant contends that the plaintiff failed to allege sufficient facts establishing the plaintiff's right to contributions under an implemented SEP plan. Third, the defendant submits that no raise was promised to the plaintiff, thereby negating her cause of action.

As to Counts II and III, the defendant avers that the plaintiff was a professional, salaried employee, exempt from the overtime provisions of the Fair Labor Standards Act as well as the Wage Payment and Collection Law.

As to Count IV, the defendant contends that the plaintiff has failed to allege material facts establishing her claim to proceeds from a profit-sharing plan pursuant to the Wage Payment and Collection Law.

The motion for a more specific pleading, as it relates to Count II, is based on the plaintiff's failure to provide sufficient specificity of: the overtime hours she worked so as to enable the defendant to determine whether the claims are barred by the statute of limitations or other defenses; and the special damages claimed.

As to Count III, the defendant avers that the plaintiff failed to allege material facts of her cause of action as well as items of special damage.

As to Count IV, the defendant contends that the plaintiff failed to allege material facts of her cause of action as well as items of special damage.

## 1. *Demurrer*

The Pennsylvania Rules of Civil Procedure provide that any party may file preliminary objections to any pleading on the ground that the pleading is legally insufficient. Pa.R.C.P. 1028(a)(4). Such an objection is more commonly known as a preliminary objection in the nature of a demurrer and is an assertion that a pleading does not set forth a cause of action upon which relief may be granted. *Binswanger v. Levy,* 311 Pa. Super. 41, 457 A.2d 103 (1983). A demurrer admits

every well-pleaded material fact set forth in the challenged pleading as well as all reasonable inferences that can be drawn therefrom. *Keirs v. Weber National Stores Inc.,* 352 Pa. Super. 111, 507 A.2d 406 (1986). As sustaining a demurrer results in the denial of a pleader's claim, a court should only sustain preliminary objections in cases that clearly fail to state a claim for which relief may be granted. *County of Allegheny v. Commonwealth,* 507 Pa. 360, 490 A.2d 402 (1985).

## A. Count I—Breach of Contract

### 1. *No cause of action for an at-will employee*

It is the well-established law in Pennsylvania that employment is presumed at-will and an employee may be dismissed for any or no reason. *Luteran v. Loral Fairchild Corp.,* 455 Pa. Super. 364, 688 A.2d 211 (1997). Generally, there is no cause of action against an employer for termination of an at-will employment relationship. *Id.* To rebut the presumption of at-will employment, an employee must prove: "(1) an agreement for a definite duration; (2) an agreement specifying that the employee will be discharged for just cause only; (3) sufficient additional consideration; or (4) an applicable recognized public policy exception." *Id.* at 370, 688 A.2d at 214 (citing *Robertson v. Atlantic Richfield Petroleum,* 371 Pa. Super. 49, 537 A.2d 814 (1987)).

An express contract for a definite period of employment will modify the at-will employment relationship between the employer and employee. *Darlington v. General Electric,* 350 Pa. Super. 183, 504 A.2d 306 (1986). In these types of cases, an employee may only be dis-

charged at the end of the contractually designated period of time for just cause. *Greene v. Oliver Realty Inc.,* 363 Pa. Super. 534, 526 A.2d 1192 (1987). Strong evidence is required to show that an employer intended to alter the at-will presumption; this presumption rests squarely with the employee. *Rutherfoord v. Presbyterian University Hospital,* 417 Pa. Super. 316, 612 A.2d 500 (1992).

In the absence of an express contract, grounds for wrongful termination may exist based on an implied contract, generally contained in employee handbooks or personnel policy manuals. The Supreme Court of Pennsylvania in *Morosetti v. Louisiana Land and Exploration Co.,* 522 Pa. 492, 564 A.2d 151 (1989), found that it must be shown that a personnel policy manual was intended to be offered as a binding contract to be enforceable against the employer. Further, the *Morosetti* court reasoned that the intention to offer a manual as a binding contract cannot be "proved by bits and pieces of their policy given individual employees at different times under varying circumstances." *Id.* at 495, 564 A.2d at 153.

This principle is present in other Pennsylvania cases such as *Reilly v. Stroehmann Brothers Co.,* 367 Pa. Super. 411, 532 A.2d 1212 (1987), which held that to overcome the presumption of at-will employment, a handbook must contain "unequivocal provisions evidencing that the employer intended to be bound by it and, in fact, renounced the principle of at-will employment."

Presently, the plaintiff has brought a claim against the defendant based on wrongful termination. The plain-

tiff has submitted as exhibit A to her amended complaint a copy of the agreement dated April 14, 1991. In pertinent part, the agreement reads:

"(2) The term of this employment shall commence on April 15, 1991, and shall continue indefinitely, except as otherwise provided in this agreement. . . .

"(3) This agreement may be terminated for just cause at any time upon the giving of written notice of such cause by employer to employee." (Exhibit A—employment agreement, April 14, 1991, ¶¶2, 8.)

A plain reading of the agreement provisions shows that it was for an indefinite duration which makes the plaintiff an at-will employee. However, the agreement is equally as conspicuous concerning the plaintiff's inability of being terminated absent just cause.

Although there exists a policy manual in exhibit B named "The Fertility Center of York Personnel Policy And Procedure Manual," the terms concerning termination for just cause are contained in an explicit "employment agreement." The agreement, dated April 14, 1991, specifically provides that the plaintiff will only be terminated for just cause. This agreement was signed by both the defendant and the plaintiff, and witnessed by Michael C. Rafferty. The fact remains that the contract is for an indefinite duration, but the surrounding facts show that the defendant intended to be bound by the "just cause" provision contained not in a handbook, but a signed, dated and witnessed contract of employment. The plaintiff has overcome her burden of showing that her employment was not at-will. Therefore, defendant's objection in the nature of a demurrer on this point is overruled and the cause of action shall continue.

## 2. *Failure to allege sufficient facts of SEP plan*

The plaintiff has pled sufficient facts establishing a possible right to contributions under a SEP plan. When ruling on a demurrer, the question presented to the court is whether, on the averred facts, the law says with certainty that no recovery is possible. *Santiago v. Pennsylvania National Mutual Casualty Insurance Co.,* 418 Pa. Super. 178, 613 A.2d 1235 (1992). The plaintiff has alleged that the defendant made contributions in the past on her account to an SEP plan. Her entitlement to such contributions stems from the agreement between the parties which reads:

"In addition to the above compensation, employee shall be a full participant in any of the various fringe benefit plans that may be established and maintained by the employer from time to time, subject to the terms and conditions of each of such plans as they may exist from time to time." Agreement, April 14, 1991, ¶3(c).

If such SEP plan existed, the law does not say with certainty, *Santiago, supra,* that the plaintiff will not be able to recover. Therefore, the facts as pled are sufficient to overrule the defendant's objection in the nature of a demurrer to the plaintiff's potential right to contribution under an SEP plan.

## 3. *No raise was promised to the plaintiff*

The plaintiff contends that she was awarded a 5 percent pay increase on April 15, 1996. The defendant denies the existence of the raise because, in paragraph 3(a) of the agreement, the plaintiff received a salary of $40,000 a year; no provision was made concerning pay raises. The existence of such raise will either be

proven or disproved through discovery. It is therefore premature to dispose of this cause of action, and the defendant's objection in the nature of a demurrer to the 5 percent raise is overruled.

## B. Count II—Fair Labor Standards Act— Overtime Wages

The plaintiff avers that she is entitled to overtime pay since she routinely "worked in excess of 40 hours per week," and because the defendant "routinely required plaintiff to make up time missed during the work week, hour for hour, for time not worked." Plaintiff's amended complaint, ¶¶15-16. The defendant contends that the plaintiff is exempt from overtime pay because she is a professional employee earning over $250 per week. Fair Labor Standards Act §213(a)(1); 29 C.F.R. §541.3. The burden of proving that an employee is exempt from receiving overtime pay rests with the employer. *Gillott v. Powerex Inc.,* 904 F. Supp. 442 (W.D. Pa. 1995).

The court in *Gillott* analyzed employees' entitlement to overtime, and in doing so, reasoned that there are certain instances where an employer is exempt from paying overtime to its employees. The court found the following:

"An exception to this general rule mandating overtime compensation is that under the FLSA, an employer is not required to pay overtime compensation to employees 'employed in a bona fide executive, administrative, or professional capacity,' said employees are deemed 'exempt.' 29 U.S.C. §213(a)(1).

"The Department of Labor has enacted regulations defining this exemption. First, to be exempt, an employee must primarily have managerial or supervisory duties.[1] 29 C.F.R. §§541.103-541.117. Second, to be exempt, an employee must earn at least $250 per week in wages. 29 C.F.R. §541.117. Finally, to be exempt, an employee must be paid 'on a salary basis.' 29 C.F.R. §541.118." *Id.,* 904 F. Supp. at 446.

"Salary basis" requirements for professionals are contained in section 541.312 which references section 541.118 for a detailed explanation. An employee is salaried if they receive a predetermined amount of compensation per pay period, and the full amount is received regardless of the number of days or hours worked. 29 C.F.R. §541.118(a).

Presently, the plaintiff was employed to establish and operate an andrology testing lab in which various duties were performed. Plaintiff is clearly a professional receiving over $250 per week. The issue is whether the plaintiff did in fact have to make up time missed, and whether this requirement relieved the defendant of the ability to avoid paying the plaintiff overtime for the hours worked over 40 hours in a work week. Therefore, this is a fact-specific issue and the defendant's objection in the nature of a demurrer to this claim is overruled.

### C. Count III—Wage Payment and Collection Law—Overtime Wages

The plaintiff avers that she is entitled to overtime pay for the overtime hours she worked, plus a 25 percent

---

1. The analysis applies to those employed in a "professional capacity" as well, in that sections 541.311-12 contain the requirements for exemption from overtime wages in the same manner as the requirements contained in sections 541.117-18 which were at issue in *Gillott.*

overdue penalty, interest and counsel fees, for the purpose of the Pennsylvania Wage Payment and Collection Law. Plaintiff's amended complaint, ¶¶24, 26. The WPCL, 43 P.S. §260.1 et seq., provides that an employer must pay to an employee all the wages owed to them. If the employer fails to do so, the employee has the right to enforce such payment by bringing a claim to recover unpaid wages and liquidated damages. 43 P.S. §260.9a(b).

The issue still remains as to whether the plaintiff is entitled to overtime compensation. If she is entitled, a valid claim then exists under the WPCL. Therefore, it would be premature to dispose of the plaintiff's claim until the plaintiff's entitlement to overtime is established. Accordingly, the defendant's objection in the nature of a demurrer to this claim is overruled.

### D. Count IV—Wage Payment and Collection Law—Profit-Sharing Plan

The plaintiff avers that she was advised by the defendant upon hire that she "would receive in profit sharing a sum equal to or in excess of her annual salary." Amended complaint, ¶28. The plaintiff further alleges that the defendant has only received $10,000 over the past six and one-half years of employment and the remainder owed is past due. Amended complaint, ¶¶29, 31. Pursuant to 43 P.S. §260.2a, wages, for purposes of the WPCL, include "fringe benefits or wage supplements whether payable by the employer from his funds or from amounts withheld from the employee's pay by the employer."

Therefore, if it is established through discovery that a valid profit-sharing plan did exist, the plaintiff will be entitled to payment plus costs, penalties and attorney fees. Accordingly, the defendant's objection in the nature of a demurrer to this claim is overruled.

## II. *Motion for More Specific Pleading*

A pleading must be sufficiently specific to enable the respondent to prepare a defense. *Philadelphia County Intermediate Unit No. 26 v. Commonwealth, Dept. of Education,* 60 Pa. Commw. 546, 432 A.2d 1121 (1981). In denying the respondents' motion for a more specific pleading, the *Philadelphia County* court found that the information sought by the respondents was evidentiary in nature and that the respondents' knowledge of such facts was equal, if not superior to, that of the petitioner. *Id.* at 552, 432 A.2d at 1125.

### A. Count II—Fair Labor Standards Act

#### 1. *Overtime wages*

The plaintiff should provide, with specificity, the hours claimed as overtime. "In general, the statute of limitations for an action brought pursuant to the FLSA is two years." *Gillott, supra,* 904 F. Supp. at 449 (citing to 29 U.S.C. §255(a)). Plaintiff's claim is for overtime hours worked over a six and one-half-year period of employment with the defendant. There may be overtime pay for which the plaintiff is not entitled based on the statute of limitations. The specificity requested by the defendant is not evidentiary in nature; it is information necessary to the defendant's preparation of a defense to the plaintiff's claim. *Philadelphia County,*

*supra.* Therefore, the defendant's motion for a more specific pleading regarding the overtime wages under the FLSA is sustained.

### 2. *Special damages*

The defendant contends that the plaintiff failed to plead specifically special damages regarding her FLSA claim. Because we find that the plaintiff must plead with greater specificity the overtime hours worked, we also direct that a damages amount accompany the breakdown of the hours. Accordingly, the defendant's motion for a more specific pleading on this point is sustained.

### B. Count III—Wage Payment and Collection Law

### 1. *Overtime wages*

The plaintiff should provide, with specificity, the hours claimed as overtime. Pursuant to the WPCL, "No . . . legal action shall be instituted under the provisions of this act for the collection of unpaid wages or liquidated damages more than three years after the day on which such wages were due and payable." 43 P.S. §260.9a(g). The plaintiff's claim is for overtime hours worked over a six and one-half-year period of employment with the defendant. There may be overtime pay for which the plaintiff is not entitled based on the statute of limitations. The specificity requested by the defendant is not evidentiary in nature; it is information necessary to the defendant's preparation of a defense to the plaintiff's claim. *Philadelphia County, supra.* Therefore, the defendant's motion for a more specific pleading regarding the overtime wages under the WPCL is sustained.

## 2. *Special damages*

The defendant contends that the plaintiff failed to plead specifically special damages regarding her WPCL overtime wages claim. Because we find that the plaintiff must plead with greater specificity the overtime hours worked, we also direct that a damages amount accompany the breakdown of the hours. Accordingly, the defendant's motion for a more specific pleading on this point is sustained.

## C. Count IV—Wage Payment and Collection Law

## 1. *Profit sharing*

As stated above in section I. D., the plaintiff alleges that she was entitled to payments under a profit-sharing plan with the defendant. Plus, she received only $10,000 during the period of time that she was employed with the defendant. Additionally, the statute of limitations under the WPCL for commencing an action to recover unpaid wages is three years. 43 P.S. §260.9a(g). Therefore, the plaintiff must state with particularity the profit-sharing plan under which she seeks payment so as to enable the defendant to properly prepare a defense. Accordingly, the defendant's motion for a more specific pleading regarding the WPCL claim for profit sharing is sustained.

## 2. *Special damages*

The defendant contends that the plaintiff failed to plead specifically special damages regarding her WPCL profit-sharing claim. Because we find that the plaintiff must plead with greater specificity the profit-sharing

plan under which she was entitled to payment, we also direct that a specific damages amount accompany the breakdown of her entitlement. Accordingly, the defendant's motion for a more specific pleading regarding the plaintiff's WPCL profit-sharing claim is sustained.

## CONCLUSION

Defendant's demurrer to the plaintiff's amended complaint as it relates to the legal sufficiency of the plaintiff's cause of action is overruled. The plaintiff has presented facts which, taken as true, establish valid claims for breach of contract and for unpaid wages and benefits under the Fair Labor and Standards Act as well as the Wage Payment and Collections Law. However, the defendant's motion for a more specific pleading is sustained. Based on the statute of limitations, the defendant is unable to prepare a defense to the plaintiff's claims under the Fair Labor and Standards Act and the Wage Payment and Collections Law until a time frame is specified during which the plaintiff is seeking payment.

Therefore, the defendant's preliminary objections in the nature of a demurrer are overruled and are sustained as to the motion for a more specific pleading.

## ORDER

The defendant's preliminary objections in the nature of a demurrer are overruled and his motion for a more specific pleading is sustained. The plaintiff is hereby directed to file an amended complaint within 20 days of entry of this order.

The Prothonotary of York County shall provide notice of this opinion and order as required by law.